

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

RICE DANIEL
TTORNEY GENERAL

August 14, 1947

Hon. C. H. Cavness
State Auditor
Capitol Station
Austin, Texas

Attention:   Hon. William A. Harrison
             First Assistant

                         Opinion No. V-341

                         Re:  The basis upon which to
                              determine, for franchise
                              tax purposes, the amount
                              of capital stock of a
                              corporation whose capital
                              stock has no nominal or
Dear Sir:                     par value.

          Your request for an opinion of this Depart-
ment is as follows:

          "In computing the amount of franchise
     tax due the State by corporations whose cap-
     ital stock has a nominal or par value per
     share, the total authorized capital stock,
     regardless of the amount actually paid in
     for same, is used by the Secretary of State
     in determining the franchise tax liability
     of such corporation.

          "In computing the franchise tax due by
     corporations whose capital stock has no nom-
     inal or par value only the amount that has
     actually been paid in, which does not always
     represent the total number of shares author-
     ized by the charter, is used as the amount of
     capital stock for such tax purposes and no
     tax is assessed on that portion of the author-
     ized capital stock that has not been paid as
     is done in cases of par value stock corpora-
     tions.

228

"An opinion is respectfully requested as to whether the amount actually paid in for shares of capital stock of non-par corporations is the amount of capital stock on which the franchise tax should be based or whether the tax should be based on the entire amount authorized after ascertaining the value of the unissued stock by means set forth in the following court decisions:

Southland Ice Co. V. McCallum, 119 T. 47, 24 S. W. (2d) 344

American Refining Co. V. Staples, Civ. App., 260 S. W., 614

"Also please state in your opinion whether the above referred to decisions are applicable or inapplicable to the current franchise tax law."

The Austin Court of Civil Appeals recently held in the case of Sterling Oil & Refining Corporation v. Isbell, et al, 202 S. W. (2d) 300, (no writ of error applied for) as follows:

"It was also shown that when said amendment was filed with the Secretary of State each of the 80 shares of the par value stock so surrendered and cancelled had an appraised cash value of $12,914,765. Further, in response to a demand of the Secretary of State, said corporation filed its franchise tax return for 1934 showing its capital stock as being $1,033,181.25 and paid its franchise taxes for 1935 on that valuation. For all subsequent years, however, its franchise tax returns showed its capital stock as $100 for the 40,000 shares issued to the 22 stockholders in lieu of the 80 shares originally held by them, plus the value actually received for such of the 40,000 authorized shares as were thereafter issued and sold to the public. The value of such authorized and subsequently sold shares was not fixed in the charter amendment. Presumably such value was fixed by the directors of the corporation pursuant to the provisions of Art. 1538c, Vernon's Ann. Civ. St.

229

In any event, the report made by the corporation to the Secretary of State in May, 1945, showed that during the years 1934 to 1942, there had been sold an aggregate of 30,610 of the authorized 40,000 shares, for which the corporation had actually received $25 per share."

"The no par value corporation was not authorized in Texas prior to the Act of 1925. R. C. S. Arts 1538a to 1538m. That Act provides that where a charter, or an amendment to a charter, is sought, which authorize the issuance of no par value stock, the majority of the directors must file with the Secretary of State a certificate showing 'the number of shares without * * * par value subscribed and the actual consideration received by the corporation for such shares.' Art. 1538d. Likewise the filing fees provided for in said Act are based upon the 'actual consideration received by the corporation for any such shares issued * * * .' Art. 1538f. And Art. 7084, the franchise tax statute, provides that 'For the purpose of computing the tax of corporations issuing no par stock, such stock shall be taken and considered as being of the value actually received at the time of the issuance thereof;'" (Emphasis added)

The clear and unambiguous wording of the statutes as set forth in the opinion of the Court of Civil Appeals, supra, requires that the franchise tax to be paid by non-par corporations be based upon the value actually received by the corporations of the shares of stock subscribed for and issued.

In the original codification of the Revised Civil Statutes of 1925 there was contained Article 15381, as follows:

"The amount of franchise tax to be paid by any corporation having shares of stock without nominal or par value shall be determined in the manner as now or hereafter prescribed by the laws of this State, except that such shares without nominal or par value shall, for the purpose of computing such tax only, be

treated and considered as having and being of the value actually received by the corporation for the issuance of shares as disclosed by the charter or any amendment thereof, as provided in Article 1538d hereof, or by a certificate as provided in Article 1538e hereof."

On February 12, 1930, the Supreme Court delivered its opinion in the case of Southland Ice Company v. McCallum, Secretary of State, 117 Tex. 27, 24 S. W. (2d) 344, the opinion being by Judge Critz as Commissioner, and adopted by the Supreme Court. This was an original mandamus suit brought by the Southland Ice Company against the Secretary of State to compel her to accept a certain sum in payment of franchise taxes according to the report submitted by relator as a non-par stock corporation. The facts show that only part of the authorized capital stock had been sold and issued and that the relator had paid the tax upon the stock so sold at the value received by it from the sale thereof, but that the Secretary of State had construed the law to be that the franchise tax should be paid on both the issued and unsold stock. Article 1538i was construed in connection with Article 7084, and the Court held that the value of the stock both issued and unissued, was subject to be used as a basis for the payment of a franchise tax.

Thereafter the Fifth Called Session of the 41st Legislature, 1930, Chapter 68, p. 220, repealed Article 1538i and substituted and amended Article 7084, which, after setting forth the 'yardstick' for the computation of the franchise tax as to other corporations, contained the following method provided by the Legislature for computing the franchise tax upon no-par corporations.

"For the purpose of computing the tax of corporations issuing no-par value stock, such stock shall be taken and considered as being of the value actually received at the time of the issuance thereof; and foreign corporations issuing such stock shall furnish the Secretary of State with the same information now required of domestic corporations issuing such stock."

Although Article 7084 has been amended by Acts 1931, 42nd Leg., p. 441, chapter 265, para. 1, and Acts

1941, 47th Leg., chapter 269, p. 184, Art. VIII, para. 1, nevertheless this provision of the Act of the Fifth Called Session, 41st Legislature in 1930, has remained unchanged.

Since the repeal of Article 1538i as above set forth, the decisions in the case of Southland Ice Company v. McCallum, supra, and American Refining Company vs. Staples, 260 S. W. 614, (1924) are inapplicable to the present franchise tax laws.

### SUMMARY

The proper basis for the computation of the franchise tax paid by non-par stock corporations is the value actually received by the corporation for shares of stock subscribed for and issued. Articles 1538d, 1538g, V.C.S., Sterling Oil & Refining Corporation v. Isbell, 202 S. W. (2d) 300.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *C. K. Richards*

C. K. Richards
Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL

CKR:mrj